# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JOSEPH KLEIN, | ) | 1:14cv01431 DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | THIRTY-DAY DEADLINE |
| C. GRAVANCE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael Joseph Klein ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff commenced this action by writing a letter to the United States District Court for the Northern District of California on July 30, 2014. He filed a complaint on August 18, 2014, and it was transferred to this Court on September 11, 2014. He names Correctional Officer C. Gravance as the sole Defendant.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 25, 2014.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**[2]

Plaintiff is currently incarcerated at Avenal State Prison in Avenal, California, where the events at issue occurred.

Plaintiff contends that on July 10, 2014, he was sexually assaulted by Defendant Gravance in retaliation for attempting to "educate [him] on proper procedure of outgoing confidential mail."  ECF No. 6, at 3.  Plaintiff alleges that as he asked to see a sergeant, Defendant pushed him up against the wall and leaned his body against Plaintiff's.  Plaintiff contends that he felt Defendant's erection.  Defendant whispered into Plaintiff's ear that if he didn't behave, he would make Plaintiff "suck [his] cock."  ECF No. 6, at 3.

Based on these allegations, Plaintiff contends that Defendant violated the Eighth Amendment by sexually assaulting him in retaliation for educating Defendant on proper outgoing mail procedures.

Plaintiff requests monetary damages.  He also requests that Defendant be terminated from his duties.

C.   **DISCUSSION**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him.  E.g., Farmer v.

---

[2] Plaintiff may not have exhausted his administrative remedies.  However, the failure to exhaust in compliance with section 1997e(a) is an affirmative defense, and the defendant bears the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199 at 216 (2007); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014).

Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the sexual abuse of prisoners violates the Eighth Amendment, Wood v. Beauclair, 692 F.3d 1041, (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112-13 (9th Cir. 2012), Plaintiff's allegations do not support a finding that the incident at issue rose to the level of sexual abuse, Watison, 668 F.3d 1113-14 (citing Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir.1998) (no Eighth Amendment violation because "there is no evidence that Berryhill suffered anything more than a brief unwanted touch on his buttocks" and "[i]t would be a distortion ... to characterize the conduct in this case as a sexual assault.")).

Therefore, Plaintiff fails to state a claim against Defendant Gravance for violation of the Eighth Amendment.

### D. **CONCLUSION AND ORDER**

Plaintiff does not state any cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and

4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 3, 2015**                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE