# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLEIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. GRAVANCE, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01431 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |

Plaintiff Michael Klein ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

On September 22, 2015, the Court ordered Plaintiff to return service documents within thirty (30) days of the date of service of the order. After Plaintiff failed to return the documents, the Court issued an order to show cause on November 4, 2015. Plaintiff was ordered to file a response to the order, or file service documents, within thirty days of the date of service.

Over thirty days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

## **DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles*

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 25, 2014.

*County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

In this case, two factors weigh against dismissal while three factors weigh in favor of dismissal.  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  There is no discernible prejudice to the defendants at this early stage in the proceedings, and public policy always favors disposition on the merits.  *In re PPA*, 460 F.3d at 1227-28; *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002); *Yourish*, 191 F.3d at 991-92.  On the other hand, the public's interest in expeditious resolution of litigation always favors dismissal; the Court's ability to manage its docket and guide cases toward resolution is significantly compromised by noncompliance with orders; and there are no alternative sanctions which are satisfactory given that Plaintiff is proceeding in forma pauperis and this action cannot proceed any further absent his compliance with the order. *In re PPA*, 460 F.3d at 1227-29; *Pagtalunan*, 291 F.3d at 642-43; *Yourish*, 191 F.3d at 990-92.

Finally, Plaintiff was warned that his failure to comply with the order to return service documents, as well as the order to show cause, would result in dismissal of this action.

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to obey the Court's orders and failure to prosecute.

IT IS SO ORDERED.

Dated:   **December 22, 2015**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE